IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| FLEURETTE A. HATTEBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-3175 |
| ) | |
| ILLINOIS CENTRAL RAILROAD ) | |
| COMPANY, d/b/a CANADIAN ) | |
| NATIONAL/ILLINOIS CENTRAL ) | |
| RAILROAD (CN/IC), ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Illinois Central Railroad Company, d/b/a Canadian National/Illinois Central Railroad's (CN/IC) Motion to Dismiss Count II of Plaintiff's Second Amended Complaint (d/e 40).  For the reasons set forth below, the Motion is DENIED.

### STATEMENT OF FACTS

Hatteberg brings this action under the Federal Employers' Liability Act (FELA).  45 U.S.C. § 51, et seq.  Hatteberg alleges that CN/IC is a

1

common carrier operating an interstate railroad. She was an employee of CN/IC. Hatteberg alleges that on or about November 1, 2005, while employed by CN/IC, she "was caused to be injured while removing a hydraulic hammer from a bin in a company truck." Second Amended Complaint, ¶ 9. Count I alleges a claim of negligence against CN/IC. Count II alleges negligence per se. Hatteberg alleges in Count II CN/IC failed to comply with Illinois safety regulation § 1550.50, entitled Safety Equipment Required (Regulation). Hatteberg alleges that the Regulation required:

 a) All vehicles used for the transportation of employees shall carry an adequate first-aid kit suitable for the number of employees transported;

 b) Each vehicle used to transport employees shall be equipped with either a two pound dry chemical type, or a four pound carbon dioxide type fire extinguisher approved by the Underwriters Laboratories, Inc. These are minimum capacities. Toxic vaporizing liquid type fire extinguishers, such as those containing carbon tetrachloride or cholorbromethane, will not be permitted;

 c) Holsters or equivalent means shall be provided and arranged so will not be endangered by tools or equipment while being removed.

 d) To prevent materials being transported on flatbed trucks from shifting against cab or rear compartment, a suitable front end gate must be provided.

Second Amended Complaint, ¶ 11.  She alleges that CN/IC's failure to comply with the Regulation caused her injuries in whole or in part.

ANALYSIS

CN/IC moves to dismiss Count II on the grounds that Hatteberg fails to allege a claim for negligence per se and because the allegations fail to give sufficient information to provide notice of the claim.  For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in Count II of the Second Amended Complaint and draw all inferences in the light most favorable to Hatteberg.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  Count II should not be dismissed unless it appears beyond doubt that Hatteberg can prove no set of facts that would entitle her to relief.  Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

Count II alleges a claim for negligence per se.  Under FELA, a defendant cannot raise the defense of contributory negligence "where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." 45 U.S.C. § 53.  State safety regulations, such as the Regulation, are deemed to be

statutes for purpose of § 53. 45 U.S.C. § 54a. Thus, Hatteberg has alleged that CN/IC violated a safety statute, and that violation contributed to her injuries. Hatteberg has alleged a claim for negligence per se under FELA § 53. CN/IC's argues that the Regulation is preempted or that the Regulation is not a safety statute for purposes of FELA § 53. These arguments, however, ignore the fact that state safety regulations are deemed to be statutes for purposes of FELA § 53. 45 U.S.C. § 54a. Hatteberg states a claim.

CN/IC also argues that Count II fails to state a claim because the Second Amended Complaint actually alleges that CN/IC complied with the Regulation because the hydraulic hammer was in a bin. CN/IC notes that Hatteberg did not quote the Regulation in its entirety. Subsection (c) states, in full:

> c)   Racks, boxes, holsters or equivalent means shall be provided and arranged so employees will not be endangered by tools or equipment while being transported, loaded or removed.

92 Ill. Adm. Code § 1550.50. The Second Amended Complaint alleges that the hammer was in a bin. CN/IC argues that the alleged bin complied with the requirement for "racks, boxes, holsters, or equivalent means." At this

4

point, the Court cannot tell if the bin met the requirements of the Regulation. The Court, therefore, cannot say that Hatteberg can prove no set of facts that would entitle her to relief.

THEREFORE, Defendant Illinois Central Railroad Company, d/b/a Canadian National/Illinois Central Railroad's Motion to Dismiss Count II of Plaintiff's Second Amended Complaint (d/e 40) is DENIED.  CN/IC is directed to file a response to Count II of the Second Amended Complaint by December 15, 2006.

IT IS THEREFORE SO ORDERED.

ENTER:   November 16, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE